UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GEORGE CORPUZ, III,

    Petitioner,

v.

JOSEPH BARRETT,

    Respondent,
_____/

Case No. 16-cv-14085
Hon. Matthew F. Leitman

**ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS (ECF #1) AND ADMINISTRATIVELY CLOSING THE CASE.**

On October 25, 2016, Petitioner Michael George Corpuz, III, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. (*See* ECF #1.)

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). To avoid any potential conflict with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold all further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

In this case, Corpuz has not yet exhausted the third and fourth claims in the Petition in the state courts. Having reviewed the Petition, the Court concludes that it is appropriate to hold the Petition in abeyance so that Corpuz may return to the state courts and fully exhaust those claims before proceeding on the Petition here.[1]

In order to properly exhaust his claims in the state court, Corpuz must first file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009); *Mikko v. Davis*, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). If the state trial court denies Corpuz's motion, then in order to fully exhaust his claims, Corpuz must timely file an application for leave to appeal in the Michigan Court of Appeals, and, if the Court of Appeals declines to grant him relief, he must timely file an application for leave to appeal in the Michigan Supreme Court. *See* M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See also Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

If Corpuz is unsuccessful in the state courts, he must then file a motion in this Court to re-open and amend the Petition, using the same caption and case number included at the top of this Order. He shall file this motion within ninety (90) days of the date on which the Michigan Supreme Court enters an order denying his application

---

[1] This Court has the discretion to stay the Petition and to hold it in abeyance even though Corpuz did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. App'x 414, 422 n. 7 (6th Cir. 2005).

for leave to appeal. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

Accordingly, the Petition (ECF #1) shall be held in abeyance pending completion of Corpuz's exhaustion of his state-court remedies with respect to claims three and four of the Petition. Within ninety days of his receipt of this Order, Corpuz shall (1) file a motion for relief from judgment in the state trial court and (2) notify this Court in writing that he has filed that motion. If he fails to file his motion in state court or notify the Court that he has done so, the Court will reinstate the original Petition to the Court's active docket and will proceed to adjudicate only those claims that were fully exhausted in state court. Within ninety days of fully exhausting his new claims in state court in the manner described above, Corpuz shall file with this Court a motion to re-open and amend the Petition. The failure to do so will result in the Court adjudicating the merits of only the claims that were fully exhausted in state court.

For administrative purposes, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943-44 (E.D. Mich. 2015).

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2017

3

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 25, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764